O'BRIEN BROS., Inc. v. UNITED STATES et al.

THE CARBON LIGHT.

No. 110, Docket 21157.

United States Court of Appeals Second Circuit.

Dec. 30, 1948.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for libellant-appellee.

John F. X. McGohey, of New York City (Max Taylor, of New York City, of counsel), for respondent-appellee.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan and Martin J. McHugh, both of New York City, of counsel), for respondent-impleaded-appellant.

FRANK, Circuit Judge.

The appellants attack the findings that the scow was seaworthy and that the scow overturned because leakage had accumulated during the loading to a level higher than the keelsons at the stern.

On the question of seaworthiness, the trial judge relied upon the testimony of the expert who indicated that the scow was seaworthy. We must accept this finding. Similarly, we must accept his finding, based on sufficient testimony, that the overturning was caused by the collection of water in the stern until the water-level was higher than the keelsons.

The fact that she was seaworthy does not mean that the scow could be expected not to leak. The trial court found, from the uncontradicted testimony of appellee's expert, that all wooden vessels leak, and that the leakage increases when the vessel is loaded. Appellant, experienced in handling scows, was chargeable with notice of some leakage; it was also chargeable with notice that the water running aft might easily rise above the keelsons, where it would be free to run from side to side, causing the scow to list and cargo to shift. Nevertheless, appellant failed to check for leakage or man the pumps.

As there was no captain aboard the scow, appellant had control of the scow and responsibility for its safety. "Upon seeing that the scow had no bargee on board, the dredging company was put to its choice: either to refuse to load her at all, unattended as she was, or to give her such attention as a competent bargee would have given." F. E. Grauwiller Transportation Company v. Exner Sand & Gravel Corporation, 2 Cir., 162 F.2d 90, 91.

Affirmed.